IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**AGUEDO RIVERA SANCHEZ, ET AL.**
Plaintiffs,

v.

**LAUSELL DEL CARIBE, INC**. **ET. AL.,**                    Civil No. 15-2173 (DRD)

Defendants.

## OPINION AND ORDER

Eighty-five (85) plaintiffs ("Plaintiffs") are seeking relief against their former employer Lausell del Caribe, Inc., La-Re Group 2 LLC, and Lausell, Inc. ("Defendants") alleging violations to the Worker Adjustment and Retraining Notification ("WARN"), 29 U.S. Code § 2101, and Puerto Rico's Law No. 180 of July 27, 1998, 29 L.P.R.A. § 250(d). Pending before the Court is Plaintiffs' *Motion for Summary Judgement* (Docket No. 36). For the reasons provided below, the Court hereby **DENIES** Plaintiffs' *Motion for Summary Judgement.*

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2016, Plaintiffs filed a *Second Amended Complaint* (Docket No. 24) alleging that Defendants violated the WARN Act ("Act") by not notifying Plaintiffs, their employees, of the employer's reduction-in-force plan. Plaintiffs claim that the Act requires 60 (sixty) day written notice prior to any layoffs caused by the closing of any of Defendants' plants. Plaintiffs aver that Defendants owe them back pay with the corresponding accrued fringe benefits as a result of their non-compliance with the Act.

On April 4, 2016, Plaintiffs filed a *Motion for Summary Judgement* (Docket No. 36). Plaintiffs claim that Defendants are liable under the Act for failing to notify them 60 (sixty) days before of their intent to

separate them from their employment. Plaintiffs assert that Defendants should be held accountable under the Act because they employ more than one-hundred (100) full-time employees. Plaintiffs attached Lausell's President, Alberto Recios' ("Recio"), *Unsworn Statement under Penalty of Perjury* (Docket No. 36, Exhibit 1), where he allegedly admits to employing more than one-hundred (100) full-time employees. *See* Docket No. 38, Exhibit 1, ¶ 2.

On July 15, 2016, Defendants filed a *Memorandum in Opposition to Motion for Summary Judgement* (Docket No. 53). Defendants assert that Plaintiff's motion should be denied due to the existence of a genuine issue of material fact. Defendants claim that Recios' *Unsworn Statement under Penalty of Perjury* (Docket No. 36, Exhibit 1) does not state that Defendants employ more than one-hundred (100) full time employees and, thus, Lausell does not fall under the purview of the WARN Act. *See* Docket No. 53, Exhibit 1, ¶ 2.

On August 9, 2016, Plaintiffs filed a *Supplemental Motion for Summary Judgement* (Docket No. 57) where they included a *Declaration Under Penalty of Perjury* (Exhibit #1) avowing they met the requirements qualifying them as full-time employees under the Act. On August 17, 2016, Defendants filed a *Motion to Strike* (Docket No. 62) alleging that the deadline to file dispositive motions had already passed and, thus, the affidavit was not part of the record.

On August 31, 2016, the Court granted the *Motion to Strike* (Docket No. 63) via the following order:

> Plaintiffs never moved for an extension of time. Thus, their Summary Judgment Motion was fully briefed and ripe for ruling on July 26, 2016. Nevertheless, on August 9, 2016--nearly two weeks after their time to reply had elapsed--Plaintiffs filed a Supplemental Motion for Summary Judgment. However, the timing and content of Plaintiffs' Supplemental Motion suggest it is nothing more than a "sham affidavit" introduced to obviate a genuine issue of material fact raised by Defendants. Notwithstanding, the fact that Plaintiff's filing is so grossly untimely under the Local Rules and Federal Rules of Civil Procedure was sufficient grounds to grant Defendant's Motion to Strike. (internal citations omitted)

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." *Veda-Rodriguez v. Puerto Rico*, 110 F.3d 174, 179 (1st Cir. 1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id*.

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." *Cortes-Irizarry v. Corporacion Insular*, 11 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959-60 (1st Cir. 1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prod.,* 530 U.S. 133, 150 (2000)(quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.*, 369 U.S. 470, 473, 82 S.Ct. 486 (1962)(summary judgment is to be issued

"sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman-Standard v. Swint*, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982)("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also Dominguez-Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent . . . are questions better suited for the jury"). "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues." *Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 178-179 (1st Cir. 2011)(internal quotations and citations omitted). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 85 F.3d 86, 95 (1st Cir. 1996). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture." *Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010)(internal quotations and citation omitted). Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." *Tropigas De P.R. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)(internal citations omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that do not properly provide specific reference to the record. *See* D.P.R. Civ. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also Morales v. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001)(finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.

1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").[1]

If a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004). Furthermore, the district court must take as true any uncontested statements of fact. *Id.* at 41-42; *see* D.P.R.R. 311.12; *See Morales*, 246 F.3d at 33 ("This case is a lesson in summary judgment practice …. [P]arties ignore [Rule 311.12] at their own peril, and … failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal citations and quotations omitted); *see also Euromodas, Inc. v. Zanella* , Ltd., 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not mean that summary judgment will be automatically entered on behalf of the moving party, as the court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." *See Velez*, 375 F.3d at 42.

### III. LEGAL ANALYSIS

The WARN Act was created "in response to extensive worker dislocation that occurred in the 1970s and 1980s when employees lost their jobs, often without notice, as companies were merged, acquired or closed. The purpose of the Act is to protect workers by obligating employers to give their employees advanced notice of plant closings." *In re APA Transp. Corp. Consol. Litig.,* 541 F.3d 233, 239 (3rd Cir. 2008) (internal citations omitted). Under the Act, an employer consists of "any business enterprise that employs- (A) 100 or more employees, **excluding part-time employees**; or (B) 100 or more employees **who in the aggregate work at least 4,000 hours per week** (exclusive of hours of overtime)." 29 U.S.C. §

---

[1] D.P.R. CIV. R. 56(b), often referred to as the anti-ferret rule, requires the party moving for summary judgment to submit a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, a s to which the moving party contends there is no genuine issue of material fact."  Similarly, the non-moving party is required to submit a counter-statement "admit[ing], deny[ing] or qualify[ing] the facts by reference to each numbered paragraph in the moving party's statement of material facts and unless a fact is admitted,  shall support each denial or qualification by record citation."  D.P.R. CIV. R. 56(c).

2101(a)(1) (emphasis ours). Plaintiffs claim that the temporary suspension by Defendant was actually "a mass layoff made during the 30 day period, due to its plants being closed". *See* Docket No. 36, Pg. 3. A mass layoff under the WARN Act is considered a reduction in force that "A) is not the result of a plant closing; and (B) results in an employment loss at the single site of employment during any 30–day period for- (i)(I) at least 33 percent of the **employees (excluding any part-time employees)**; and (II) at least 50 employees **(excluding any part-time employees)**;…" Section 2101(a)(3) (emphasis ours).

For the Court to able to grant summary judgment, it must be able to clearly determine whether the Plaintiffs were full-time or part-time employees. A part-time employee is considered "an employee who is employed for an average of fewer than 20 hours per week or who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required." 29 U.S.C. § 2101(a)(8). The distinction of Plaintiffs qualification as full-time or part-time employees is dispositive to decide whether or not Lausell falls under the purview of the Act. In fact, it is so essential that upon Defendants argument that there was a genuine issue of material fact regarding Plaintiffs employment qualification, the latter filed a *Supplemental Motion to Motion for Summary Judgment* (Docket No. 57) containing an Exhibit where they swore that they met the requirements of full-time employees. Because Plaintiff's motion was stricken by the Court[2], the record reflects that the parties remain at odds regarding Plaintiffs qualification as full-time or part-time employees.

Plaintiffs refer to Lausells' President Alberto Recios' *Unsworn Statement under Penalty of Perjury* as proof that the employees in question were not part-time employees. Mr. Recio indicated in his statement that "[f]or the pay periods around the dates October 15, 2014 and November 12, 2014, Lausell employed around 137 employees. **Only thirteen of those employees worked 40 hours a week during those pay**

---

[2] The Court reiterates that Plaintiff's supplement was stricken because it was untimely and because it appeared to be nothing more than a "sham affidavit" introduced to obviate Defendants' allegations of the existence of a genuine issue of material fact. *See, e.g., Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 387 (1st Cir. 2016) (discussing the sham affidavit doctrine in relation to Motions for Summary Judgment).

periods. All of the 137 employees in the aggregate worked an average of 3,375 hours per week." *See* Docket No. 36, Exhibit 1, ¶ 14 (emphasis ours). Mr. Recio refers to those two specific dates as they would have been, depending on when it is decided that the plant closed, the date were the written notice would have had to been served. Defendants argue that Mr. Recio never specified that the Plaintiffs were full-time employees. The Court agrees.

## IV.    CONCLUSION

The Plaintiff had to clearly establish that there was "no genuine issue as to any material facts" and that they are "entitled to judgment as a matter of law." *Veda-Rodriguez*, 110 F.3d 174. A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id*. The qualification of these employees is essential in determining whether or not the Defendant is liable under the WARN Act and based on the record in this case, the Court finds that there is a genuine issue of material fact as to whether the Plaintiffs were full-time or part-time employees. Thus, after evaluating the facts "in the light most flattering to the non-movant and indulg[ing] in all reasonable references in that party's favor," the Court finds no legal basis for granting Plaintiff's motion. *Cadle Co*, 116 F.3d 957. Accordingly, the Court **DENIES** Plaintiff's *Motion for Summary Judgement*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February, 2017.

S/ DANIEL R.DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge